**Melvin BENTON, Plaintiff,**

v.

**UNITED STATES LINES, INC.,**
**Defendant.**

**Civ. No. 19290.**

United States District Court
D. Maryland.

Oct. 18, 1968.

Jerome B. Monfred, Baltimore, Md., for plaintiff.

John H. Skeen, Jr., Baltimore, Md., for defendant.

## MEMORANDUM OPINION

HARVEY, District Judge:

This matter arises on a motion to dismiss or for summary judgment filed by the defendant in an action brought by a ship ceiler plaintiff against United States Lines, Inc. Relying on theories of negligence and unseaworthiness, plaintiff seeks damages for personal injuries sustained on defendant's vessel. The defendant has filed in support of its motion the deposition of the plaintiff which was taken by defendant's attorney.

It has been agreed here by the plaintiff that the record needs no further supplementation. Indeed, no counter-affidavits were filed, and the facts are relatively clear and quite simple. The plaintiff was working on board the S.S. AMERICAN PACKER when a wrench was negligently thrown into the hold by an employee of the United States Army who was also on the ship. As a result of being struck by this wrench, the plaintiff sustained injuries for which he has sued here.

The question before the Court is whether under these facts the ship was unseaworthy. It is clear and even conceded that under these facts the plaintiff cannot proceed against the ship on a theory of negligence but that the sole ground for recovery in this case would be the alleged unseaworthiness of the ship. This precise question was discussed by the Fourth Circuit Court of Appeals in the recent case of Venable v. A/S Det Forende Dampskibsselskab, 399 F.2d 347 (4th Cir. 1968). The facts in the *Venable* case were quite different from those here. In that case, the plaintiff was engaging in stowing hogsheads when he stepped back into an empty space between the hogsheads, fell and sustained back injuries. At the trial, he urged that inadequate lighting, faulty stowage of the hogsheads and failure of the defendant to supply and employ dunnage rendered the ship unseaworthy and proximately caused the accident. The issues of negligence, unseaworthiness and proximate causation were tried by a jury which returned a verdict for the steamship company. On appeal, the Fourth Circuit reversed and, in particular, disapproved of the trial judge's instructions. Judge Bryan dissented and in such dissent used as an illustration the very case that we have here. He said the following, 399 F.2d at page 354:

"Hence, the negligence of the longshoreman while actionable qua negligence, is not actionable as unseaworthiness unless it has caused unseaworthiness. Illustrations of the distinctiveness between the two are not wanting. For example, if a longshoreman in walking past another on deck negligently dropped a wrench upon the latter's foot, the injured man would not have a cause of action on unseaworthiness, for no such condition resulted."

Almost the same situation is presented in this case, the only difference being that the wrench was negligently dropped at a greater distance than in Judge Bryan's illustration. Judge Sobeloff discussed the applicability of the doctrine of unseaworthiness to such facts in a footnote to his majority opinion in which he said (Footnote 5, page 352):

"Without citation of a single case or acknowledgement of the trend of recent Supreme Court decisions, our dissenting Brother posits the hypothetical of a seaman or longshoreman being injured by a wrench negligently dropped by a fellow worker. Although we think that our opinion is not to be read so broadly as to encompass all injuries, we again refer to the Supreme Court's extension of the protection afforded by the unseaworthiness doctrine to injuries sustained as a result of a longshoreman's or seaman's negligent

misuse of safe equipment in the course of maritime operations." (citing Mascuilli v. United States, 387 U.S. 237, 87 S.Ct. 1705, 18 L.Ed.2d 743 (1967) and Waldron v. Moore-McCormack Lines, Inc., 386 U.S. 724, 87 S.Ct. 1410, 18 L.Ed.2d 482 (1967))

A close look at the facts in *Mascuilli* indicates that there longshoremen permitted both starboard vangs on a loading boom to become taught simultaneously (vangs being ropes that extend from the peak of a spar to steady it). The result was the sudden parting of the port shackle which in turn caused one of the vangs to coil and fall to the deck, striking and killing the plaintiff. It is clear in *Mascuilli* that an unseaworthy condition had been created. The same was true under the facts in *Waldron*.

This Court has seen no case nor been referred to any case in which unseaworthiness has been found on facts similar to those here. In the opinion of this Court, if the doctrine of unseaworthiness is to be applied, there must be an unseaworthy *condition* created. The fact that this wrench was negligently thrown and fell through the hatch would not appear to be a condition at all. Insofar as unseaworthiness is concerned, this Court can see no distinction between a wrench being thrown and a fellow longshoreman using a wrench to strike a plaintiff in a particular case.

If the doctrine of unseaworthiness is to be so extended, in the opinion of this Court, it should be done by a majority of the Fourth Circuit. Perhaps the Fourth Circuit will go all the way and state that there is absolute liability of the ship owner under circumstances of this sort, a ruling which, if that is the intention of the Court of Appeals in cases of this sort, would indeed be helpful to lower courts in applying the law. But, if this Court is to attempt to follow reasonable logic in applying the doctrine of unseaworthiness, it cannot conclude that an unseaworthy condition existed under the facts of this case.

Therefore, defendant's motion for summary judgment is granted.