Melvin BENTON, Appellant,

v.

UNITED STATES LINES, INC.,
Appellee.

No. 13039.

United States Court of Appeals
Fourth Circuit.

Argued March 7, 1969.

Decided April 2, 1969.

Jerome B. Monfred, Baltimore, Md., for appellant.

John H. Skeen, Jr., Baltimore, Md. (William A. Skeen and Skeen, Wilson, Gilbert & Roach, Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

Longshoreman Melvin Benton appeals from the dismissal of his complaint in admiralty claiming damages of the United States Lines for personal injuries suffered aboard the defendant's S. S. American Packer. While she was berthed pierside taking cargo at Baltimore, Maryland, on February 15, 1967 a spud wrench was dropped into the hatch of the hold in which Benton was standing. Deflected at the bottom, it struck him on the arm with painful aftereffects. The particular facts of the accident require affirmance.

The plaintiff counts on both negligence and unseaworthiness, viz., the defendant's failure to provide a safe place and proper gear for his work. Benton was a ceiler engaged in storing the vessel's lading of military vehicles. Someone in his gang called up for a wrench to tighten the bolts of a tank top in the hold. In response, a civilian employee of the United States Army, then supervising the stowing, let go the wrench down the hatchway. Striking the tank top, it glanced off into Benton.

At trial consideration was shaped mainly to unseaworthiness, but negligence was not slighted. Summary judgment went for the defendant on both heads. The opinion of the District Judge well justifies his and our conclusions.[1]

Affirmed.

---

1. Benton v. United States Lines, 297 F. Supp. 87 (D.C.Md.1968). In referring to the dissent in Venable v. A/S Det Forenede Dampskibsselskab, 399 F.2d 347, 355 (4 Cir. 1968) the District Judge did not have the order later passed therein on the petition for rehearing in banc.

Appellee now suggests that it brings the majority in agreement with one point made by the dissent and pertinent here. As the opinion below sustains the decision without resolution of this contention, we have no reason to resolve it.